UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED MODABBER, | No. 2:12-cv-2714 MCE AC |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Plaintiff, proceeding in this matter pro se, filed the above entitled action against defendant United States of America and paid the filing fee in full. It does not appear, however, that plaintiff has served the defendant properly.

Federal Rule of Civil Procedure 4(i) governs service of the United States, its agencies, corporations, officers or employees. Fed. R. Civ. P. 4(i). "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States Attorney designates in a writing filed with the court clerk—or

1

> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington D.C.; and
>
> (C) if the action challenges an order of a non-party agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1).

In this case, the docket reflects that plaintiff served the United States by mailing a copy of only the summons via certified mail to Bob Taylor, the Lease Contracting Officer of the United States Department of Agriculture, Forest Service. See ECF No. 4. It does not appear that plaintiff served a copy of the summons and complaint, and it further does not appear that plaintiff complied with the service requirements of Federal Rule of Civil Procedure 4(i) as set forth above. Accordingly, service was not proper under Rule 4.

"'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with [Federal Rule of Civil Procedure 4].'" Crowley v. Bannister, 734 F.3d 967, 974-75 (9th Cir. 2013) (quoting Travelers Cas. & Sur. Co. of Am. V. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009)). "'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'" Id. at 975 (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986)). "However, '[n]either actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4.'" Id. (quoting Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982)).

The Court notes that plaintiff is proceeding pro se. "In civil cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Accordingly, the Court will grant plaintiff a reasonable time of thirty (30) days to cure his failure to serve the United States in compliance with Rule 4(i).

Accordingly, IT IS HEREBY ORDERED that plaintiff shall have until July 31, 2014 to

accomplish service on defendant and provide the Court with acceptable proof of service pursuant to Federal Rule of Civil Procedure 4(i).

DATED: July 1, 2014

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE